IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BECTON, DICKINSON AND COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 21-833 (CFC) (JLH) |
| | ) | |
| BECKMAN COULTER, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

WHEREAS, Becton, Dickinson, and Company ("BD") and Defendant Beckman Coulter, Inc. ("Beckman"), parties to the above-captioned action (the "Action"), may seek discovery of documents, information, or other materials that may constitute or contain trade secrets or other confidential research, development, or commercial information of the parties or third parties within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), and as set forth below;

WHEREAS, the parties, through counsel, stipulate that good cause exists for the entry of this Protective Order pursuant to Fed. R. Civ. P. 26(c) to protect against improper disclosure or use of confidential information produced or disclosed in this case.

NOW THEREFORE, pursuant to Fed. R. Civ. P. 26(c), upon the stipulation and consent of the parties and for good cause shown, the Court hereby ORDERS that:

1. **Scope of Protective Order**. This Protective Order shall apply to all information, designated pursuant to ¶ 4 of this Protective Order, produced in this Action, including documents and things produced or within the scope of discovery in this Action, including, without limitation, all testimony, documents or things produced in response to requests for the production of

documents and things, answers to interrogatories, responses to requests for admission and all other discovery taken pursuant to the Federal Rules of Civil Procedure, as well as hearing or trial transcripts, matters in evidence, pleadings and other documents filed with the Court, and any other information furnished, directly or indirectly, by or on behalf of any party to this Action or any THIRD PARTY to the extent such material is designated "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION – OUTSIDE COUNSEL ONLY" in accordance with ¶ 2 of this Protective Order.

This Protective Order shall also govern any designated record of information produced in this action pursuant to required disclosures under any federal procedural rule or District of Delaware local rule, and any supplementary disclosures thereto.

2.    **Definitions**.    The terms "CONFIDENTIAL INFORMATION," "HIGHLY CONFIDENTIAL INFORMATION," and "THIRD PARTY" or "THIRD PARTIES," as used herein, shall mean the following:

a.    "CONFIDENTIAL INFORMATION" means all information, in any form, that constitutes "a trade secret or other confidential research, development or commercial information" within the meaning of Fed. R. Civ. P. 26(c)(1) and includes all such information that is not generally known to the public or to competitors and that relates to scientific and technical information, product research, product development, employment information, product manufacturing, financial performance (whether historical or future), marketing, sources of supply, or strategic planning and includes such information about a Third Party including parents, subsidiaries and/or affiliates.  The designation of "CONFIDENTIAL INFORMATION" by the producing party constitutes a representation of that party that it reasonably and in good faith believes that the unrestricted disclosure of such information could be potentially prejudicial to the

business or operations of such party or if the document is subject to confidentiality obligations owed to a third party.

      b.    "HIGHLY CONFIDENTIAL INFORMATION" means all information, in any form, that contains highly sensitive commercial, financial, or trade secret technical information and which the Designating Party reasonably and in good faith believes is "CONFIDENTIAL" as set forth under Paragraph 2(a) above.  The Designating Party must reasonably and in good faith believe that disclosure of the information is likely to cause competitive harm to the disclosing party, and embodies, contains, or reflects:

      (a)    confidential commercial contracts and licenses with a third party, including documents relating thereto;

      (b)    customer lists;

      (c)    highly sensitive plans for future market or future commercialization;

      (d)    highly sensitive financial or competitive information;

      (e)    trade secret information reflecting the chemical structure of products, or manufacturing procedures;

      (f)    other trade secret or other information maintained in confidence that concerns product design, research, development, testing, or manufacturing; or

(g)      any other information that the producing party reasonably believes should not be disclosed to a person who is involved in the preparation or prosecution of patent claim(s) directed to flow cytometry.[1]

c.      The term "outside counsel" will mean outside counsel of record, and other attorneys, non-attorney technical specialists, paralegals, secretaries, and other support staff employed by the law firms of counsel of record.  The term "outside counsel" shall not include any in-house attorneys or other legal personnel employed by the parties.

d.      "THIRD PARTY" or "THIRD PARTIES" means any person or entity who is not a named party in this Action.

3.      **THIRD PARTIES under the Protective Order**.  If a THIRD PARTY provides discovery to any party in connection with this Action, and if the THIRD PARTY so elects, then the provisions of this Protective Order shall apply to such discovery and the parties will treat all information that is produced by such THIRD PARTY in accordance with the terms of this Protective Order to the extent it is designated as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION.  Under such circumstances, the THIRD PARTY shall have the same rights and obligations under this Protective Order as held by the parties to this Action. Because third parties may be requested to produce documents containing information that a party considers CONFIDENTIAL or HIGHLY CONFIDENTIAL, at the request of any party all

---

[1]  The parties have agreed to include Paragraph 2.b.(g) so that patent prosecution bar of Paragraph 7 of this Protective Order may be limited to only such individuals who receive information designated "HIGHLY CONFIDENTIAL," and will not extent to individuals who receive information designated "CONFIDENTIAL."  In the event that information is designated "HIGHLY CONFIDENTIAL" solely on the basis of this Paragraph 2.b.(g), nothing in this Protective Order shall limit the ability of a party to challenge that designation and seek access to that information by in-house counsel who does not have direct oversight of or involvement in the preparation or prosecution of any patent claim(s) directed to flow cytometry, flow cytometry analyzers and/or sorters.

documents produced by a third party in this action shall be treated as if designated CONFIDENTIAL or HIGHLY CONFIDENTIAL hereunder for a period of seven (7) days after production in order to allow the parties time to review the documents and make any appropriate designations hereunder.

4.    **Designations and Redactions**.  Each party shall have the right to designate information as CONFIDENTIAL or HIGHLY CONFIDENTIAL, subject to this Protective Order. To the extent that material is designated CONFIDENTIAL or HIGHLY CONFIDENTIAL, such material shall only be revealed to or used by limited categories of individuals, as provided for herein, and shall not be communicated in any manner, either directly or indirectly, to any person or entity except as provided herein.  Any copies of such material, abstracts, summaries or information derived therefrom, and any notes or other records regarding the contents thereof, shall also be deemed CONFIDENTIAL or HIGHLY CONFIDENTIAL, and the same terms regarding confidentiality of these materials shall apply as apply to the originals.  The procedures for designating materials as CONFIDENTIAL or HIGHLY CONFIDENTIAL are as follows:

a.    **Designation of Documents and Things**.  The parties and any THIRD PARTIES shall label or mark each page of each document and thing that constitutes or contains CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION with the legend "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL INFORMATION – OUTSIDE COUNSEL ONLY" or otherwise mark or designate in writing the materials as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION – OUTSIDE COUNSEL ONLY and subject to the Protective Order when the document or thing is produced to the receiving party.  Anything that cannot be so marked shall be designated by placing the appropriate legend on a container or package in which the thing is produced or on a tag attached thereto.  Each page

of each document and each thing produced pursuant to discovery in this Action shall also bear a unique identifying number.

Documents and things produced without a legend designating the material CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY shall not be subject to this Protective Order unless otherwise agreed by the parties, ordered by the Court, or otherwise designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION – OUTSIDE COUNSEL ONLY in accordance with the provision of ¶ 9 of this Protective Order.  Inspection of documents or things by any party shall be conducted by persons eligible under ¶ 13 below to receive HIGHLY CONFIDENTIAL INFORMATION.  Such persons shall initially treat all information obtained during or from any inspection as containing HIGHLY CONFIDENTIAL INFORMATION until such time as copies of documents or things from the inspection are produced, and, thereafter, such produced documents and things shall be treated in accordance with any confidentiality designation appearing on the document or thing at the time of its production.

      b.     **Designation of Interrogatories, Requests for Admission and Written Testimony**.  Any response to written interrogatories or requests for admission or any testimony adduced at a deposition upon written questions (or any portion of any of the foregoing) that constitutes or contains CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION shall be labeled or marked by the party providing the response or testimony as containing CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION.

      c.     **Designation of Deposition Transcripts**.  Deposition transcripts containing CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION may be designated as subject to this Protective Order either on the record during the deposition or by

providing written notice within thirty (30) days following receipt of the official transcripts of the deposition.

Unless the parties otherwise agree, all deposition transcripts not previously designated shall be deemed to be, and shall be treated as CONFIDENTIAL for a period of thirty (30) days after receipt of the official transcript of the deposition, and the transcript shall not be disclosed during such time by a non-designating party to persons other than those persons qualified to receive such information pursuant to this Protective Order. After thirty (30) days, the aforementioned testimony shall no longer be treated as Protected Information, unless one or both of the parties has designated specific portions of the testimony as such or unless the parties otherwise agree. The parties agree to mark at least the first page of all copies of deposition transcripts that contain testimony, or that append exhibits, designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION with the legends "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION – OUTSIDE COUNSEL ONLY," respectively, and to provide each other notice of which portions of the deposition transcript contain CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION. This paragraph does not limit any party's right to challenge any presumptive designation or preclude a producing party from designating testimony or transcripts as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION.

d. **Designation of Hearing Testimony or Argument**. With respect to testimony elicited during hearings and other proceedings, whenever counsel for any party deems that any question or line of questioning calls for the disclosure of CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION, counsel may designate on the record prior to such disclosure that the disclosure is subject to confidentiality restrictions.

Whenever matter designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION is to be discussed in a hearing or other proceeding, any party claiming such confidentiality may ask the Court to have excluded from the hearing or other proceeding any person who is not entitled under this Order to receive information so designated.

        e.      **Privacy Designations**.  The parties agree that certain information may be subject to federal, state, or foreign data protection laws or other privacy obligations (*e.g.*, Regulation (EU) 2016/679 of the European Parliament and of the Council of 27 April 2016 on the Protection of Natural Persons with Regard to the Processing of Personal Data and on the Free Movement of Such Data (General Data Protection Regulation of EU ("GDPR")), and that such information may require special protection.  Any documents containing information that a producing party reasonably believes is subject to federal, state, or foreign data protection laws shall be subject to the protections of CONFIDENTIAL INFORMATION, and shall be marked "DP INFORMATION" (*i.e.*, "Data Protection Information").  The Parties acknowledge that such information may require additional safeguards and will meet and confer to implement such safeguards if and when needed.

        f.      **Redactions**.  Documents and things produced or made available for inspection may be subject to redaction, in good faith by the producing party, of CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION that is subject to the attorney-client privilege or to work-product immunity.  Each such redaction, regardless of size, shall be clearly labeled as "Redacted Privilege."  This Paragraph shall not be construed as a waiver of any party's right to seek disclosure of redacted information.  All documents redacted based on attorney-client privilege or work-product immunity shall be listed on a privilege log in accordance with Federal Rule of Civil Procedure 26(b)(5) and exchanged at a mutually agreeable date and time.

5.      **Limitations on Attendance at Depositions**.  Counsel for a producing party may request that all persons other than the witness, counsel for the witness (who signs the Undertaking attached as Exhibit A if a non-party witness), the court reporter, and those individuals specified in ¶ 13, as applicable, leave the deposition room during the portion of the deposition that inquires about or discloses subject matter that counsel for the producing party believes to be CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION hereunder. If individuals other than those specified in the previous sentence fail to leave the deposition room during any portion of the deposition that inquires about or discloses what counsel for the producing party believes to be CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION, counsel for the producing party may seek relief from the appropriate Court and, pending resolution of its request for relief, instruct the witness not to answer questions relating to, or limit disclosure of, the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION at issue.

6.      **Limitations on Attendance at Hearings or Trial**.  Counsel shall confer with the Court regarding procedures to protect the confidentiality of any material marked, labeled, or otherwise designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION that a party or any of its witnesses may use, refer to, disclose, or admit into evidence during trial or any hearing in this Action.  Unless the Court orders otherwise, attendance at a hearing or at a trial session in this Action at which material designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION will be used or disclosed shall be limited for the time period during which CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION will be used or disclosed to individuals entitled to have access to such materials under the terms of this Protective Order.

7.     **Proper Use and Disclosure of Designated Information**.  Subject to the limitations and restrictions of this Protective Order and any further order regarding confidentiality that the Court may enter, material marked, labeled or otherwise designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION as described in this Protective Order may be used to prepare for and conduct discovery, to prepare for trial and to support or oppose any motion in this Action, and may be used in testimony at trial and offered into evidence at trial and/or hearings on motions subject to such procedures mandated by the Court.  Nothing herein shall be construed to affect in any way the admissibility of any document, testimony or other evidence at trial.

Material designated CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION, and all information derived therefrom, shall be used only by persons permitted access to such information under this Protective Order, shall not be disclosed by the receiving parties to any party or person not entitled under this Protective Order to have access to such material, and shall not be used by the receiving parties for any purpose other than in connection with this Action, including without limitation for any research, development, manufacture, patent prosecution, financial, commercial, marketing, regulatory, business, or other competitive purpose (except for settlement of the above-captioned case).  Confidential Information designated as "HIGHLY CONFIDENTIAL INFORMATION – OUTSIDE COUNSEL ONLY" shall not be used by the receiving party to prosecute any patent application, including in direct contribution to drafting, revising, amending, or modifying the scope of patent claims in the United States or in any foreign country and in formulation of strategy for prosecution.  In addition, individuals receiving Confidential Information designated as "HIGHLY CONFIDENTIAL INFORMATION – OUTSIDE COUNSEL ONLY" are expressly prohibited from involvement in the preparation or

prosecution of any patent claim(s) directed to flow cytometry products, anywhere in the world, on behalf of or adverse to the parties to this action or any person or entity related to any party to this action from the date when the affected individual first receives Confidential Information designated as "HIGHLY CONFIDENTIAL INFORMATION – OUTSIDE COUNSEL ONLY" until the earlier of (i) two years after final termination of this litigation (including settlement of all claims), including any and all appeals or (ii) two years after the affected individual withdraws from representing any and all parties in this litigation or the affected individual is removed from any and all parties' lists of counsel.  This prosecution bar is personal to the person receiving Confidential Information designated as HIGHLY CONFIDENTIAL INFORMATION and shall not be imputed to any person who did not receive or review such information (including, e.g., other employees or attorneys of the law firm by which the person subject to the bar is employed or otherwise is associated).  Notwithstanding the foregoing, nothing in this paragraph shall preclude any individual receiving or reviewing Confidential Information designated as "HIGHLY CONFIDENTIAL INFORMATION – OUTSIDE COUNSEL ONLY" from participating in any post-issuance review proceedings (including ex parte reexamination, inter partes review, post grant review, and covered business method review) before the USPTO (or foreign equivalent) provided, however, that such participation does not involve the disclosure of another party's Confidential Information designated as "HIGHLY CONFIDENTIAL INFORMATION – OUTSIDE COUNSEL ONLY", and further provided that anyone involved in such proceedings may not participate in, directly contribute to, or advise concerning the drafting, revising, amending, or modifying of patent claims.  An individual's role as supervisor of an attorney or patent agent engaged in prosecution described herein shall not, in itself, constitute evidence that the individual is engaged in prosecution.  Absent written consent of the producing parties or further order of this

Court, all persons receiving information designated HIGHLY CONFIDENTIAL INFORMATION are expressly prohibited from using or disclosing such information in connection with any practice before or communication with (including, but not limited to, patent applications, citizens petitions, and other filings) the United States Patent and Trademark Office, the FDA, or their counterpart organizations in any foreign jurisdiction.

8.     **Storage    of    CONFIDENTIAL    INFORMATION    or    HIGHLY CONFIDENTIAL INFORMATION**.  The recipient of any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to his/her/its own proprietary information.

9.     **Inadvertent Production of CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION**.  If a party inadvertently produces or provides discovery of any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION without labeling or marking it as provided in this Protective Order, the producing party may give written notice to the receiving party or parties, within ten (10) business days after becoming aware of the inadvertent production, that the document, thing or other discovery information, response or testimony is CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION and should be treated as such in accordance with the provisions of this Protective Order.  The producing party will also provide copies of the properly marked information (*e.g.*, documents, discovery responses, transcripts, things, and/or all other information within the scope of this Protective Order).  Upon receipt of such notice and properly marked information, the receiving party or parties shall return or destroy said unmarked or incorrectly marked information

to the extent practicable and not retain copies thereof, and shall undertake a best effort to correct any disclosure of such information contrary to the redesignation.  Prior to receipt of such notice, disclosure of such documents, things, information, responses and testimony to persons not authorized to receive CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION shall not be deemed a violation of this Protective Order.

10.    **Limitations on Advice to Clients**.  It is understood that counsel for a party may give advice and opinions to his or her client based on his or her evaluation of designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION received by the party, provided that such rendering of advice and opinions shall not reveal the content of such information, except by prior written agreement with counsel for the producing party.

11.    **Discovery of THIRD PARTY Information**.  Where a producing party is in possession of CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION of a THIRD PARTY that the producing party is under an obligation not to disclose, the producing party may elect to (1) provide notice and opportunity to object to the THIRD PARTY prior to disclosure of the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION, or (2) disclose the information with the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION of the THIRD PARTY redacted, provided that the producing party shall identify the THIRD PARTY to the receiving party and shall not impede discovery by the receiving party from said THIRD PARTY.

12.    **Inadvertent Production of Privileged or Work Product Information**. Notwithstanding anything to the contrary in Fed. R. Civ. P. 26(b)(5)(B), the inadvertent production or disclosure of any document or tangible thing (including information) subject to a claim of attorney-client privilege or work product immunity, or other privilege or immunity, shall in no way

prejudice or otherwise constitute a waiver of, or estoppel as to, any claims of privilege or work product immunity.  In such an event, the producing party shall send to each receiving party a written request for return or destruction of the inadvertently produced or disclosed document or thing within a reasonably prompt period of time after becoming aware of such inadvertent or mistaken production.  Within ten (10) business days of receiving a written request to do so from the producing party, the receiving party shall (a) return to the producing party any original documents or tangible items, and return to the producing party or destroy any copies of such documents or tangible items, that the producing party represents are covered by a claim of attorney-client privilege or work-product immunity, or other privilege or immunity, and were inadvertently or mistakenly produced and (b) destroy any extra copies or summaries of, or notes relating to, any such inadvertently or mistakenly produced information, including any electronic records thereof. The receiving party shall not utilize the information contained in the inadvertently produced documents or things for any purpose, or disseminate or transmit such information.

     a.     If the receiving party wishes to contest that any such document or thing is protected from disclosure by the attorney-client privilege, work product immunity or other privilege or immunity from discovery, it shall so notify the producing party in writing when the document or thing is returned to the producing party.

     b.     Within ten (10) days after receiving written notice, the producing party shall provide to the receiving party for each document or thing a description of the basis for the claim of privilege or immunity.

     c.     Within ten (10) days after receiving such description, the receiving party may seek relief from the Court to compel production of such documents and things, the protection of which is still disputed, in accordance with the procedures set forth in the Court's Scheduling

Order for resolution of discovery disputes.  The party claiming the privilege or immunity shall have the burden of proving that such privilege or immunity exists.

        d.      With respect to documents and things subsequently generated by a receiving party, which documents and things contain information derived from such inadvertently produced documents and things, if the receiving party does not notify the producing party that the receiving party disputes the claims of attorney-client privilege or work-product immunity, or if the Court rejects any challenge by the receiving party to the privileged status of the inadvertent production, the receiving party shall either destroy the derivative documents and things or redact from them all such derivative privilege or work-product information in a manner such that the derivative information cannot in any way be retrieved or reproduced.

        e.      If, in a deposition, hearing, or other proceeding the party who made the inadvertent production or disclosure makes a request on or off the record for return or destruction of the inadvertently produced or disclosed document or thing within a reasonably prompt period of time after recognizing that the information has been produced or disclosed, all copies of the inadvertently produced or disclosed document or thing present at the deposition, hearing, or other proceeding shall immediately be sequestered and there shall be no further use of the inadvertently produced or disclosed document or thing.  For the avoidance of any dispute, the marking of an inadvertently produced or disclosed document or thing as an exhibit at deposition, hearing, or other proceeding has no bearing on the timeliness of the request for return.

        f.      The procedures set forth in this Paragraph for challenging the privileged status of an inadvertent production shall not result in any waiver of the attorney-client privilege, the work product immunity, or any other privilege or immunity.

13.    **Access to CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION.**    Material marked, labeled or otherwise designated CONFIDENTIAL INFORMATION as described in this Protective Order shall be deemed and treated as CONFIDENTIAL INFORMATION hereunder, unless and until the Court rules to the contrary, and access thereto or disclosure thereof shall be limited, unless and until the Court rules that there may be further disclosure, to the following individuals:

a.    Litigation counsel of record for each of BD and Beckman in this Action, and their partners, associates, other attorneys, data entry, information processing, computer support, artist, translating, stenographic, clerical, and paralegal employees or agents whose duties and responsibilities require access to material designated CONFIDENTIAL INFORMATION.

b.    Up to three (3) in-house counsel or representatives with legal functions for each of BD and Beckman (including their corporate affiliates) responsible for oversight of the litigation whose duties requires access to material designated CONFIDENTIAL INFORMATION, provided that outside counsel have identified these individual via email correspondence and provide executed undertakings (Exhibit A) for each designee to opposing counsel.

In the event that any previously designated in-house counsel or representative cease to have responsibilities relating to this Action, the parties may designate another in-house counsel or representative with legal functions to replace such person upon giving written notice of such change to the opposing counsel, provided that there are only three (3) in-house counsel or representatives for each side permitted to view CONFIDENTIAL INFORMATION at any one point in time.

c.     Outside consultants or experts and their staffs retained by the parties or their attorneys for purposes of this action, who are not objected to pursuant to ¶ 14, and who first agree to be bound by the terms of this Protective Order.  Only consultants or experts need execute the undertaking in Exhibit A pursuant to ¶ 14; their associates, assistants, staff or any couriers need not execute any undertaking but will be deemed covered by the consultant or expert's executed Exhibit A.

d.     The Court before which this Action is pending and its authorized staff.

e.     Court reporters, videographers, and their respective staffs employed in connection with this action.

f.     Any interpreter, any typist or transcriber used by the interpreter who first agrees to be bound by the terms of this Protective Order.

g.     Non-parties specifically retained to assist outside counsel of record with copying and computer services necessary for document handling, trial consultants and mock jurors, other litigation support personnel (*e.g.*, graphic designers and animators, database entry personnel), and other Third-Party Vendors; and

h.     Any other person as to whom the parties agree in writing.

i.     HIGHLY CONFIDENTIAL INFORMATION may be disclosed only to those persons described in ¶¶ 13(a), (c), (d), (e), (f), (g), (h).

14.     **Retention of Experts and Outside Consultants**.  Information designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION may be viewed by independent experts retained by outside counsel or retained by a party to this action under the conditions set forth in this Paragraph.  The ability of any independent expert to receive any Confidential Information will be subject to the advance approval of such expert by the

producing party or by permission of the Court. The party seeking approval of an independent expert must provide the producing party with the name and curriculum vitae of the proposed independent expert, and an executed copy of the undertaking attached hereto as Attachment A, in advance of providing any Confidential Information of the producing party to the expert. Any objection by the producing party to an independent expert receiving Confidential Information must be made in writing within five (5) business days following receipt of the identification of the proposed expert. Confidential Information may be disclosed to an independent expert if the five (5) business day period has passed and no objection has been made. The approval of independent experts must not be unreasonably withheld. If a producing party objects in writing to a proposed independent expert, the producing party will have seven (7) calendar days from the date of that objection to file a motion with the Court seeking an order to prevent disclosure of its Confidential Information to the proposed independent expert retained by the receiving party. Confidential Information may be disclosed to the proposed independent expert if the seven (7) day period has passed and no motion has been filed.

15. **Third-Party Vendors**. Counsel may use the services of Third Party Vendors to provide services such as document review, electronic discovery support, computerized legal support, and management services for the purpose of encoding, loading into a computer and storing and maintaining for information control and retrieval purposes, transcripts of depositions, hearing, trials, pleadings, exhibits marked by any party, briefs and accompanying affidavits and appendices, documents produced by any party, or a party's own attorney work product, all of which may contain CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION. The vendor shall return to the party's counsel or confirm destruction of all copies of transcripts or

other documents containing CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION within thirty (30) days of the conclusion of this Action, including any Appeals.

16.    **Disclosure to Other Individuals**.    Disclosure of CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION may be made to individuals not identified in ¶13, above, as follows:

a.    CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION may be disclosed to any person not otherwise identified in ¶ 13 above as agreed by the party that designated such information CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION.

b.    Any party may move the Court for an Order that a person not identified in ¶ 13 above be given access to CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION after first signing an Undertaking in the form of Exhibit A attached hereto. Counsel for the moving party shall retain the original of each such signed Undertaking.  Service of the Undertaking shall not be required.

c.    CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION of a producing party may also be disclosed to and/or used to examine, at deposition and at trial (or other court hearing):  (i) an individual who either prepared, received or reviewed the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION prior to filing of this Action or previously had access or knowledge of the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION, as demonstrated on the face of the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION itself or by foundation testimony elicited during a deposition or at trial; (ii) a currently employed officer, employee or expert of a producing party, and/or; (iii) a

witness designated for the producing party under Federal Rule 30(b)(6) concerning any topic to which the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION is relevant.

17.    **Confidentiality of Party's Own Documents**.  A party may disclose or use in any manner or for any purpose, any information or documents from that party's own files that the party itself has designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION.

18.    **Inadvertent Disclosure**.  If CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION is disclosed or comes into the possession of any person not authorized to receive such information under this Protective Order, the party responsible for the disclosure shall:  (a) within five (5) business days of becoming aware of such disclosure inform the designating party of all pertinent facts relating to such disclosure, including the identity of the person to whom the inadvertent disclosure was made; (b) use its best efforts to obtain the prompt return of the original and obtain the prompt return or confirm the prompt destruction of all copies of any such CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION and to bind such unauthorized person or party to the terms of this Protective Order; (c) within three (3) business days of becoming aware of such disclosure, inform such unauthorized person or party of all provisions of this Protective Order; and (d) request such unauthorized person or party to sign the Undertaking in the form attached hereto as Exhibit A.  The executed Undertaking shall be served upon counsel of record for the producing party within five (5) business days of its execution by the person or party to whom CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION was disclosed.  The requirements set forth in this Paragraph shall not prevent the producing party from applying to the Court for further or additional relief.

19. **Filing Under Seal**. Any information designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION, if filed with the Court in connection with this Action, shall be filed under seal in accordance with the Local Rules or practice of the court in which the information is filed.

In addition, any document that is to be filed with the Court and that contains or discloses CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION shall be marked "FILED UNDER SEAL" on its cover page. Material designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION and filed under seal shall be maintained in such manner as provided for by the Court. However, the burden of proving that such document should be sealed shall at all times remain on the party that designated the information CONFIDENTIAL or HIGHLY CONFIDENTIAL.

20. **Challenging Designations**. The acceptance by any party of material designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION shall not constitute an admission or concession, or permit an inference that such material is, in fact, confidential. Any receiving party may at any time request that the designating party cancel or modify the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION designation with respect to any document, object or information. Such request shall be made to counsel for the designating party in writing, and shall particularly identify the designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION that the receiving party contends is not CONFIDENTIAL or HIGHLY CONFIDENTIAL and the reasons supporting its contention. If the designating party does not agree to remove the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION designation within ten (10) business days after receipt of such a request, then the party contending that such documents or

material are not confidential may, in accordance with the procedures set forth in the Court's Scheduling Order for resolution of discovery disputes, request that the Court remove such material from the restrictions of this Protective Order.  The party asserting confidentiality shall have the burden of proving that the material designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION warrants protection under this Protective Order.

21. **No Expansion of Federal Rules of Civil Procedure**.  Nothing in this Protective Order shall be construed to be an implied admission or to affect or govern the scope of discovery in this Action, or to preclude any party from moving the Court for a further order pursuant to Fed. R. Civ. P. 26(c), or any other provision of the Federal Rules of Civil Procedure.  Nothing contained in this Protective Order shall be construed to require production or disclosure of any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION deemed by counsel for the party possessing such material to be protected from disclosure by the attorney-client privilege or the attorney work-product immunity, or other privilege or immunity, so long as the withheld materials are identified in the manner required by the Federal Rules of Civil Procedure by the producing party.  However, this Protective Order shall not prevent the parties from agreeing that certain categories of documents need not be identified, nor shall it prevent one or more parties from seeking relief from the Court if, *e.g.*, identification of individual documents would be unduly burdensome.  This Protective Order shall not preclude any party from moving the Court for an order compelling production or disclosure of such material.

22. **New parties to this Action**.  In the event additional parties join or are joined in this Action, they shall not have access to CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION until the newly joined party or its counsel has executed and,

at the request of any party, filed with the Court its agreement to be fully bound by this Protective

Order or an alternative protective order is agreed to by all parties and entered by the Court.

23.    **Miscellaneous**.  This Protective Order shall not be construed to prevent any of the

parties, or any THIRD PARTY, from applying to the Court for relief or further or additional

protective orders, or from agreeing between or among themselves to modifications of this

Protective Order, subject to the approval of the Court.  The Protective Order shall not preclude the

parties from enforcing their rights against any THIRD PARTY not associated with this Action who

is believed to be violating their rights.

24.    **Other Proceedings**.   By entering this order and limiting the disclosure of

information in this case, the Court does not intend to preclude another court from finding that

information may be relevant and subject to disclosure in another case.  Any person or party subject

to this order who becomes subject to a subpoena or motion to disclose another party's information

designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" pursuant to this order shall

promptly notify that party of the subpoena or motion so that the party may have an opportunity to

appear and be heard on whether that information should be disclosed.

25.    **Publicly Available Information**.  This Protective Order shall not apply to any

information of the parties which: (a) the producing or designating party or parties agree(s) should

not be designated as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL

INFORMATION; (b) the producing or designating party or parties agree(s), or the Court rules, is

already public knowledge; (c) the producing or designating party or parties agree(s), or the Court

rules, has become public knowledge other than as a result of disclosure by the receiving party, its

employees or agents in violation of this Protective Order; or (d) the producing or designating party

or parties agree(s), or the Court rules, has come or shall come into the receiving party's legitimate

knowledge or possession independently of the producing party under conditions such that its use and/or public disclosure by the receiving party would not violate any obligation to an opposing party to this Action.  The restrictions and obligations set forth herein shall not prohibit discussions of any material designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION with any person who already has or obtains legitimate possession thereof.

26.  **Survival of Obligations under Protective Order**.  With respect to any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION, this Protective Order shall survive the final termination of this Action to the extent the information in such material is not or does not become known to the public and continues to be binding upon all persons to whom CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION is disclosed hereunder.  Upon final termination of this Action, including all appeals, the outside litigation firm and Delaware counsel listed herein for each party may retain (a) one (1) copy of all deposition transcripts and exhibits thereto, (b) one (1) copy of all trial transcripts and trial exhibits, (c) one (1) copy of all pleadings and exhibits thereto, written discovery, and expert reports and exhibits thereto, (d) one (1) copy of all correspondence and exhibits thereto, and (e) any documents, things, copies and samples to the extent they include or reflect the receiving attorney's work product.

Upon final termination of this Action, including all appeals, all other copies and samples of material designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION and any other summaries, abstracts, excerpts, indices and descriptions of such material, and information derived from such material that are recorded in any tangible form, shall be: (i) assembled and returned (except for any that may be retained by the Court) to the producing party; or, alternatively, (ii) counsel for the receiving party may certify in writing the destruction

thereof.  Accordingly, upon final termination of this Action, no one other than the outside litigation firm and Delaware counsel listed herein shall retain any copies or samples of any material designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION.

27.    **Waiver or Termination of Order**.  No part of the restrictions imposed by this Protective Order may be waived or terminated, except by written stipulation executed by counsel of record for each designating party, or by an Order of the Court for good cause shown.  The restrictions provided for herein shall not terminate upon the conclusion of this action, but shall continue until further Order of this Court.  The termination of employment of any person with access to any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION shall not relieve such person from the obligation of maintaining the confidentiality of such information.

28.    **Modification of Order; Prior Agreements**.  This Protective Order may be modified, and any matter related to it may be resolved, by written stipulation of the parties without further Order of the Court.

29.    **Section Captions**.  The title captions for each section of this Protective Order are for convenience only and are not intended to affect or alter the text of the sections or the substance of the Order.

30.    **Days**.  All references to "days" in this Order shall be construed as calendar days, unless otherwise specifically indicated.

31.    **Order Applicable Upon Filing with the Court**.  Upon filing this Protective Order with the Court, the Parties agree to treat it as "So Ordered," subject to any future modifications by agreement of the Parties or by the Court.

\*       \*       \*

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jeremy A. Tigan*

_____
Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
jtigan@morrisnichols.com

*Attorneys for Plaintiff Becton, Dickinson and Company*

November 12, 2021

SHAW KELLER LLP

*/s/ Nathan R. Hoeschen*

_____
Karen E. Keller (#4489)
Nathan R. Hoeschen (#6232)
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE  19801
(302) 298-0700
kkeller@shawkeller.com
nhoeschen@shawkeller.com

*Attorneys for Defendant Beckman Coulter, Inc.*

It is SO ORDERED this _____ day of _____, 2021.


_____
UNITED STATES DISTRICT COURT JUDGE

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BECTON, DICKINSON AND COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 21-833 (CFC) (JLH) |
| | ) | |
| BECKMAN COULTER, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**<u>AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER</u>**

I, _____ , state that:

    a)    My home address is _____

_____ .

    b)    My present employer is _____ and my

present work address is _____

_____ .

    c)    My present title, occupation or job description is _____

_____

_____ .

    d)    I have read and understand the provisions of the Stipulated Protective Order

entered in this Action and I will comply with the provisions of that Stipulated Protective Order.  I

consent to be subject to the jurisdiction of this Court for enforcement of this Stipulated Protective

Order.

    e)    I will hold in confidence and not disclose to anyone not qualified under the

Stipulated Protective Order CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL

INFORMATION, or any summaries, abstracts, or indices of any CONFIDENTIAL

INFORMATION or HIGHLY CONFIDENTIAL INFORMATION, that is disclosed to me or that I prepare.

    f)  Upon conclusion of the above-captioned Action, including appeal, I will return or destroy all CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION – and any summaries, abstracts, and indices thereof, and document or materials that I received or prepared relating thereto – in my possession to outside counsel for the party for whom I was employed, retained, or acted as witness.

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: _____

Print Name: _____

Signature: _____